**UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL–CIO, Petitioner**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 04–1435.

United States Court of Appeals,
District of Columbia Circuit.

April 28, 2006.

Laurence Stephen Gold, Bredhoff & Kaiser, James B. Coppess, AFL–CIO Office of General Counsel, Washington, DC, for Petitioner.

Arthur F. Rosenfeld, Aileen A. Armstrong, Deputy Associate General Counsel, John H. Ferguson, Margery Ellen Lieber, Assistant General Counsels, David A. Fleischer, Senior Attorney, Meredith L. Jason, Washington, DC, for Respondent.

Before: TATEL, GARLAND, and GRIFFITH, Circuit Judges.

## JUDGMENT

PER CURIAM.

This cause was considered on a petition for review of an order of the National Labor Relations Board ("NLRB" or the "Board") and was briefed and argued by the parties. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. Rule 36(b). It is

ORDERED AND ADJUDGED that the petition for review is granted and the case is remanded to the Board for further proceedings.

The United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Works International Union, AFL–CIO (the "Union") petitions for review of an NLRB order that held that Bunting Bearings Corporation ("Bunt-ing") did not commit an unfair labor practice when it (1) selectively locked out Union member employees in the wake of failed negotiations over the renewal of a collective bargaining agreement, and then (2) withdrew its recognition of the Union as the collective bargaining agent for Bunting employees after it learned that a majority of the bargaining unit employees had voted to decertify the Union as their collective bargaining agent. Before the Administrative Law Judge ("ALJ") and later before the Board, Bunting argued that it had not locked out the Union member employees. Rather, it insisted that the employees had gone on strike. The ALJ rejected that argument, but determined, in light of this Court's case law upholding lockouts conducted for a legitimate and specific business justification, that the lockout was lawful because its purpose was to "pressure [the] union to accept [Bunting's] bargaining proposals." *Bunting Bearings Corp.*, 343 N.L.R.B. No. 64, slip op. at 16, 2004 WL 2461367. Based on this conclusion, the ALJ also determined that the employee petition to decertify the union was not tainted by the lockout and that Bunting did not violate the Act when it relied on that petition to withdraw its recognition of the Union as the collective bargaining agent for the employees. *Id.* at 18. The NLRB affirmed 2–1 on the same grounds. *Id.* at 2.

Although we give deference to Board decisions, we cannot uphold a decision that is inconsistent with controlling precedent. *Int'l Union of Operating Eng'rs, Local 147, AFL–CIO v. NLRB*, 294 F.3d 186, 188 (D.C.Cir.2002). Because the Board's conclusion that the lockout was lawful is inconsistent with the controlling precedent the Supreme Court set forth in *NLRB v. Great Dane Trailers, Inc.*, 388 U.S. 26, 33, 87 S.Ct. 1792, 18 L.Ed.2d 1027 (1967), we grant the Union's petition and remand for

further proceedings. In *Great Dane*, the Supreme Court held that if an employer has "engaged in discriminatory conduct which could have adversely affected employee rights to some extent," the employer must "establish that he was motivated by legitimate objectives." *Id.* at 34, 87 S.Ct. 1792. We reject the Board majority's contention that the Union failed to establish that Bunting's conduct was discriminatory—as the dissenting Board member explained, "no authority holds that [the Union] must initially do more than what [it] has done here: show a (perfect) correlation between union membership and which employees were locked out." *Bunting Bearings Corp.*, 343 N.L.R.B. No. 64, slip. op. at 8 (Liebman, dissenting). There can also be no question that the lockout "could have adversely affected employee rights to some extent." *See Int'l Bhd. of Boilermakers, Local 88 v. N.L.R.B.*, 858 F.2d 756, 767 (D.C.Cir.1988) (holding that lockout of union employees could have adversely affected employee rights to some extent). Accordingly, the burden was on Bunting to present evidence showing that the lockout was motivated by legitimate objectives. Bunting did not even attempt to do this. In the absence of such an attempt, it was not appropriate for the ALJ or the Board to "speculate upon what might have motivated" Bunting. *Great Dane*, 388 U.S. at 34–35, 87 S.Ct. 1792. We therefore grant the petition for review.

In light of this decision, we remand to the Board so that it can determine whether the Union decertification petition was tainted by the unlawful lockout and, if so, whether Bunting violated § 8(a)(5) of the National Labor Relations Act, 29 U.S.C. § 158(a)(5), by relying on this petition to withdraw recognition from the Union.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.